```
                                           Receipt Number: 910687
                                           Tracking Number: 73919572 EML
COPY OF PLEADING PROVIDED BY PLT
```

CAUSE NUMBER: 202159104

| PLAINTIFF: SANTEE, SHANON ROY | In the 165th Judicial |
|---|---|
| vs. | District Court of |
| DEFENDANT: OCEANEERING INTERNATIONAL INC | Harris County, Texas |

### CITATION

THE STATE OF TEXAS
County of Harris

TO: CHEVRON U S A INC CAN BE SERVED THROUGH ITS REGISTERED AGENT PRENTICE-HALL CORP SYSTEM INC
211 E 7TH STREET SUITE 620
AUSTIN TX 78701

**DELIVERED**
9 / 23 / 2021
BY DC   PSC: 2114
ATX Process, LLC

   Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on September 21, 2021, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

   ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this September 22, 2021.



*Marilyn Burgess*
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: ADILIANI SOLIS

Issued at request of:
ARNOLD, KURT BRYNILDE
6009 MEMORIAL DRIVE
HOUSTON, TX  77007
713-222-3800

Bar Number: 24036150

Tracking Number: 73919572 EML

CAUSE NUMBER: 202159104

| | |
|---|---|
| PLAINTIFF: SANTEE, SHANON ROY | In the 165th |
| vs. | Judicial District Court |
| DEFENDANT: OCEANEERING INTERNATIONAL INC | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____. M., on the _____ day of _____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock ____. M., on the _____ day of _____, 20 _____,
by delivering to _____ defendant, in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the _____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, 20 _____.

FEE: $ _____

_____
_____ of _____
County, Texas
_____        By: _____
         Affiant                        Deputy

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of _____, 20 _____.

_____
Notary Public

CAUSE NO. _____

| | | |
|---|---|---|
| SHANON ROY SANTEE | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, T E X A S |
| OCEANEERING INTERNATIONAL, INC.; TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC.; and CHEVRON U.S.A, INC. | § § § § | |
| | § | |
| *Defendants.* | § | \_\_\_\_\_ JUDICIAL DISTRICT |

## **PLAINTIFF'S ORIGINAL PETITION**

The Plaintiff, Shanon Roy Santee ("Plaintiff"), complains of Defendants Oceaneering International, Inc., Transocean Offshore Deepwater Drilling Inc., and Chevron U.S.A., Inc. and would respectfully show the court the following:

### I.

#### DISCOVERY LEVEL

1. Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

### II.

#### JURISDICTION

2. Plaintiff brings claims under the Jones Act and general maritime law. This Court has jurisdiction under the Savings to Suitors clause as Plaintiff is a seaman under the Jones Act (46 U.S.C. § 688). *See* 28 U.S.C. § 1333. Further, is well-settled that this Jones Act case is not removable. *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993). In addition, under the forum defendant or home-state defendant rule, this case is not removable

1

because at least one defendant is a resident and citizen of Texas. *See* 28 U.S.C 1441(b).

### III.

### VENUE

3. Venue is proper in this County pursuant to Texas Civil Practice and Remedies Code Section 15.002(a)(3) because at least one Defendant maintains a principal place of business in this County.

### IV.

### PARTIES

4. Plaintiff is a Jones Act Seaman.

5. Defendant Oceaneering International, Inc. ("Oceaneering") is a foreign entity with a principal place of business located in Harris County, Texas. This Defendant can be served through its registered agent, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas Texas 75201.

6. Defendant Transocean Offshore Deepwater Drilling Inc. ("Transocean") is a corporation with a principal place of business located in Harris County. This Defendant can be served through its registered agent, Capitol Corporate Services, Inc., at 206 E. 9th Street, Suite 1300, Austin, Texas 78701.

7. Defendant Chevron U.S.A, Inc. ("Chevron") is a foreign entity which does a substantial amount of business in Texas. This Defendant can be served through its registered agent, Prentice-Hall Corp System, Inc. At 211 E. 7th Street Suite 620, Austin, Texas 78701.

### V.

### FACTS

8. On or about January 1, 2021, Plaintiff was working as a Seaman aboard the *M/V*

*Deepwater Conqueror* as a member of its crew. At all relevant times, Defendant Oceaneering was contracted with Defendant Chevron and Defendant Transocean to perform offshore drilling in the Gulf of Mexico. The *M/V Deepwater Conqueror* was owned, operated, and/or managed by all Defendants. Further, at all relevant times, the *M/V Deepwater Conqueror* was deployed on navigable waters, and Plaintiff was contributing to, and aiding such vessel to accomplish its mission.

9. On January 1, 2021, the Defendants instructed Plaintiff to perform maintenance for the operation. As part of his job duties that day, Plaintiff was required to climb ladders and lift heavy objects into place to complete the maintenance tasks. While attempting to place one of the heavy objects into place as part of the maintenance project, Plaintiff sustained a severe shoulder and back injury. Plaintiff was injured as a direct result of performing his duties and following instructions to perform dangerous maintenance activities that day in furtherance of the Defendants' operations. As a result of Defendants' negligence and gross negligence, Plaintiff suffered injury to his shoulder, neck, and other parts of his body, as well as severe mental and emotional distress as a direct result.

## VI.

### CAUSES OF ACTION

**A.   Negligence**

10. Plaintiff hereby incorporates by reference the facts and allegations of the preceding paragraphs as if set forth in full here.

11. Defendants are negligent and grossly negligent for the following reasons:

   a. failing to inspect, maintain, and repair equipment;

   b. failure to properly supervise its crew;

3

  c. failing to maintain a safe work environment;

  d. failing to properly train employees;

  e. failure to provide an adequate crew;

  f. failure to maintain the vessel;

  g. vicariously liable for their employees' negligence and gross negligence;

  h. violating applicable Coast Guard, OSHA, and/or MMS rules;

  i. violating their own safety rules and regulations;

  j. failing to maintain safe mechanisms for work and life on the vessel; and

  k. other acts deemed negligent and grossly negligent.

12. At all relevant times, the *M/V Deepwater Conqueror* was unseaworthy.

13. As a result of said occurrence, Plaintiff sustained severe injuries, which resulted in physical impact, mental anguish, and other medical problems stemming from being in the zone of danger. Plaintiff has sustained severe physical injuries, mental anguish, and distress. Plaintiff has also suffered a significant loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries. Plaintiff seeks punitive damages against Defendant for arbitrarily and improperly denying maintenance and cure. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

14. Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiff's health and safety. Defendants were subjectively aware of the extreme risks posed by the conditions which caused Plaintiff's injuries but made a conscious decision to not rectify them. Defendants did so knowing that the job Plaintiff performed posed an extreme risk of

4

injury. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by forcing Plaintiff to perform a job that carried an extreme risk of injury.

**B.     Unseaworthiness**

15.     Plaintiff hereby incorporates by reference the facts and allegations of the preceding paragraphs as if set forth in full here.

16.     At all relevant times the Defendants owned and/or operated the *M/V Deepwater Conqueror*.

17.     At all relevant times, the *M/V Deepwater Conqueror* was unseaworthy. Specifically, without limiting the reasons that the *M/V Deepwater Conqueror* was unseaworthy, it was unseaworthy because it was not adequately maintained, was not adequately equipped with the proper equipment to perform the work safely, and was not adequately crewed.

18.     The unseaworthiness of the *M/V Deepwater Conqueror* was a direct cause of Plaintiff's injuries.

**C.     Failure to Pay Maintenance and Cure Against Oceaneering**

19.     Plaintiff hereby incorporates by reference the facts and allegations of the preceding paragraphs as if set forth in full here.

20.     As a Jones Act seaman, Plaintiff was entitled to maintenance and cure as a result of the injuries he sustained in the underlying incident. Plaintiff sustained his injuries while in the course of serving the vessel in his capacity as a Jones Act seaman assigned to the *M/V Deepwater Conqueror*.

5

21. Defendant Oceaneering has a legal duty to pay maintenance and cure to Plaintiff.

22. Defendant Oceaneering has failed to pay Plaintiff's maintenance and cure. Defendant Oceaneering has either not paid the owed maintenance and cure or have unreasonably and arbitrarily withheld the payment of maintenance and cure. Defendant Oceaneering has failed to provide Plaintiff with maintenance and cure despite knowing of Plaintiff's injuries that occurred during his work for Defendant Oceaneering. Additionally, the decision by Defendant Oceaneering to not pay maintenance and cure has been unreasonably, arbitrary, and willful, and thus entitles Plaintiff to punitive damages for the failure to honor their maintenance and cure obligations.

## VII.

### JURY TRIAL

23. Plaintiff hereby requests a trial by jury on all claims and submits his jury fee herewith.

24. Plaintiff respectfully requests a preferential trial setting pursuant to Texas Government Code, Section 23.101(a)(5) because Plaintiff is a Jones Act seaman and is entitled to a preferential trial setting under Texas law.

## VIII.

### PRAYER

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that each Defendant appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all

6

costs of Court, and all such other and further relief, to which Plaintiff show himself justly entitled. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff affirmatively states that he seeks monetary relief in excess of $1,000,000.00 including but not limited to:

- Compensatory damages including past and future medical expenses;
- Actual damages;
- Consequential damages;
- Economic damages for future loss of earnings;
- Past and future pain and suffering;
- Exemplary damages;
- Past and future mental anguish;
- Past and future impairment;
- Past and future disfigurement;
- Maintenance;
- Cure;
- Punitive damages for the failure to honor maintenance and cure obligations;
- Interest on damages (pre- and post-judgment) in accordance with law;
- Plaintiff's reasonable attorneys' fees;
- Costs of Court;
- All damages mentioned and/or referred to elsewhere in the petition;
- All damages allowed under law; and
- Any other relief to which Plaintiff is entitled under law or equity.

Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt Arnold*
_____
Kurt Arnold
SBN: 24036150
karnold@arnolditkin.com
J. Kyle Findley
SBN: 24076382
kfindley@arnolditkin.com
John Grinnan
SBN: 24087633
jgrinnan@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**