# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **SHANON ROY SANTEE** | § | CIVIL ACTION NO. 4:21-CV-03489 |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | |
| | § | JUDGE DAVID HITTNER |
| OCEANEERING INTERNATIONAL, INC.; TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC.; AND CHEVRON U.S.A. INC. | § § § § § | |
| *Defendants.* | | |

## DEFENDANTS CHEVRON U.S.A. INC.'S AND TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC.'S JOINT OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Chevron U.S.A. Inc. ("Chevron") and Transocean Offshore Deepwater Drilling Inc. ("Transocean") (collectively, "Defendants") jointly file this opposition to Plaintiff Shanon Roy Santee's ("Santee" or "Plaintiff") Motion to Remand (the "Motion") on the grounds that:

1. Plaintiff's analysis of the applicability of the Outer Continental Shelf Lands Act ("OCSLA") is both legally and factually incorrect. More particularly, because Plaintiff's claims would not have arisen "but for" the development of minerals on the Outer Continental Shelf ("OCS") under Fifth Circuit analysis, and because the *Deepwater Conqueror* was actually attached to the seafloor at the time of Plaintiff's alleged injury, all claims asserted by Plaintiff that are governed by OCSLA are properly before this Court.

2. Plaintiff does not have a Jones Act claim against either Transocean or Chevron such that removal was proper and Plaintiff is not entitled to have all of his claims remanded.

For these reasons, which are more fully described below, Plaintiff's motion to remand should be denied.

## I. Factual Background

This litigation arises from personal injuries allegedly sustained when Plaintiff was working aboard the drillship *Deepwater Conqueror* (the "Vessel"). Rec. Doc. 1-1 (Plaintiff's Original Petition), p. 2, ¶ 8. Preliminarily, Defendants note that Plaintiff alleges the incident occurred on January 1, 2021. Rec. Doc. 1-1, p. 2, ¶ 8. However, records indicate that Plaintiff was not onboard the *Deepwater Conqueror* on January 1. Exhibit A, ¶ 4 (Declaration of D. Mitchell); Exhibit A-1 (Personnel on board list reflecting Plaintiff boarded on January 6, 2021). Furthermore, incident reports indicate that the alleged incident took place on January 11, 2021, not January 1. Exhibit A, ¶¶ 6, 15-16; Exhibit A-2 (Santee Statement); and, Exhibit A-3 (Incident Report). More particularly, records indicate that on January 13, 2021, Plaintiff reported that on January 11, 2021, he had felt a pop in his right shoulder. *Id*.

On January 11, 2021, the *Deepwater Conqueror* was a drillship performing drilling operations pursuant to the terms of an Offshore Master Drilling Contract (the "Contract") by and between Transocean Offshore Holdings Ltd., on the one part,

and Chevron U.S.A. Inc. ("Chevron"), on the other part, in furtherance of Chevron and its Affiliates' exploration and production of hydrocarbons. Exhibit A, ¶¶ 9-10; and, Exhibit B, ¶ 4, (Declaration of B. Stueben). The vessel was then located in the Jack/St. Malo Field in Walker Ridge Block 678, lease number G21245, which is located on the Outer Continental Shelf in the Gulf of Mexico approximately 280 miles south of New Orleans, Louisiana. Exhibit A, ¶ 10; Exhibit B, ¶ 3. During these operations, the *Deepwater Conqueror* was attached to the seabed and drilling. Exhibit A, ¶ 10; Exhibit A-4; Exhibit B, ¶ 5. None of the named defendants owned or operated the Vessel. Exhibit A, ¶ 13; Exhibit B, ¶ 6. Triton Conqueror GmbH was the owner and operator of the *Deepwater Conqueror* and employed its crew through its branch office, Transocean Conqueror OPCO, Inc. Exhibit A, ¶ 13. Plaintiff was not a member of the crew of the Vessel and was not employed by either Chevron or TODDI. Exhibit A, ¶ 8; Exhibit B, ¶ 7; and, Exhibit C, ¶ 23-24 (Declaration of M. Daigle). Rather, Plaintiff began his work for Defendant Oceaneering International, Inc. ("Oceaneering") on January 5 and boarded the *Deepwater Conqueror* on January 6, 2021, in the course and scope of his employment as an ROV supervisor for Oceaneering pursuant to its contract with Chevron. Exhibit A, ¶ 5; Exhibit C, ¶¶ 27-28, 30.

To the extent not specifically cited *supra*, Chevron and Transocean hereby incorporate Exhibits A, B, and C in their entirety for all purposes.

## II. "Situs" not required to establish OCSLA jurisdiction under 43 U.S.C. § 1349.

Plaintiff's contention that there is a "situs" requirement for removal jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA") is contrary to well-established Fifth Circuit and Southern District of Texas case law. OCSLA grants subject matter jurisdiction to federal courts over cases "arising out of or in connection with" any operation involving the "development" of minerals on the OCS. *See* 43 U.S.C. § 1349(b)(1)(A); *Texaco Expl. & Prod., Inc. v. AmClyde Engineered Prod. Co.*, 448 F.3d 760, 768 (5th Cir.), *amended on reh'g*, 453 F.3d 652 (5th Cir. 2006). The Fifth Circuit has interpreted § 1349 to require only a "but-for" connection with the development of minerals on the OCS to establish OCSLA jurisdiction. *See In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014) (citing *Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 350 (5th Cir. 1999); *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 155 (5th Cir. 1996); *Recar v. CNG Producing Co.*, 853 F.2d 367, 369 (5th Cir. 1988)). The phrase "arising out of or in connection with" should also be applied broadly. *See EP Operating Ltd. P'ship v. Placid Oil Co.*, 26 F.3d 563, 569 (5th Cir. 1994).

Contrary to Plaintiff's motion, an OCSLA "situs" is not required to satisfy the "but for" test that governs OCSLA jurisdiction under 43 U.S.C. § 1349. *See In re Deepwater Horizon*, 745 F.3d at 164 ("the Parishes contend that there is a situs requirement for OCSLA jurisdiction under the language of Section 1349. We

- 4 -

disagree."). Indeed, the Fifth Circuit has found OCSLA jurisdiction was properly invoked in cases involving vessels *not attached* to the seafloor when the incident ultimately arose from an operation to develop minerals on the Outer Continental Shelf. *See AmClyde,* 448 F.3d at 768 (OCSLA jurisdiction over a heavy-lift derrick barge dropping a platform compliant tower in the Gulf of Mexico); *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.,* 87 F.3d 150, 155 (5th Cir. 1996) (OCSLA jurisdiction over an allision between ocean-going tug and a fixed platform) ("[t]he undeniable fact is that there would not have been an accident had Tennessee Gas not built its platform to extract minerals from the OCS.").

Further, the Southern District of Texas has also explicitly rejected the Plaintiff's situs argument for which Plaintiff cites *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208 (5th Cir. 2013) as authority. In *Sam v. Laborde Marine, L.L.C.*, No. 19-4041, 2020 WL 59633 (S.D. Tex. Jan. 6, 2020), the court analyzed both *Barker* and the more recent *In re Deepwater Horizon* Fifth Circuit decisions and found both support federal question jurisdiction under OCSLA as follows:

> Barker and Deepwater Horizon's holdings on jurisdiction therefore do not conflict because Barker teaches only that claims governed by 1333's substantive law necessarily fall under OCSLA jurisdiction while Deepwater Horizon provides the broader test for OCSLA jurisdiction applicable in cases that may be governed by other substantive law. *Id.* at *2.

Ultimately, the district court determined that there was no situs requirement for OCSLA jurisdiction under 43 U.S.C. § 1349. *Id.* ("Because Plaintiff's motion only

addresses jurisdiction, this court must follow the rule stated in *Deepwater Horizon*: OCSLA jurisdiction requires only a but-for connection with no situs requirement."). *Id.*

## III. *Deepwater Conqueror* was attached to the seabed.

Even if a situs were required, which it is not, the *Deepwater Conqueror*'s operations at the time of Plaintiff's alleged incident satisfy such a requirement because the drill ship *Deepwater Conqueror* was actually attached to the seabed performing drilling operations. *See* Exhibit A, ¶ 10; Exhibit A-4; Exhibit B, ¶ 5.

With the uncontroverted evidence demonstrating that the *Deepwater Conqueror* was engaged in drilling operations and connected to the seabed on the OCS, OCSLA jurisdiction is satisfied, and remand is unwarranted based on Plaintiff's claim that OSCLA jurisdiction does not exist or, alternatively that OCSLA does not confer jurisdiction upon this Court.

## IV. Remand of Non-Jones Act claims is likewise unwarranted.

Preliminarily, Chevron and Transocean deny that Plaintiff was a seaman and incorporate herein by reference Oceaneering's discussion of Santee's lack of seaman status as discussed in Oceaneering's Response to Motion to Remand [Doc. No. 8] as if set forth herein.. Further, as detailed above, Plaintiff was not in the service of the Vessel at the time of the incident. Rather, he was onboard the Vessel on behalf of his shore-based employer Oceaneering pursuant to Oceaneering's contract with

Chevron. Even if the Court should find a fact issue as to Plaintiff's seaman's status, Plaintiff does not have a claim for Jones Act negligence against either Chevron or Transocean.

Although the Jones Act permits a seaman to sue his or her employer for injuries that occur in the course of the seaman's employment, 46 U.S.C. § 30104, neither Chevron nor Transocean were Plaintiff's Jones Act employer at the time of Plaintiff's alleged injury. More particularly, in order to prevail on a Jones Act negligence claim, a seaman must establish that his employer breached a duty owed to the seaman. *Harrison v. Seariver Maritime*, 61 Fed. App'x 119, 2003 WL 342266, at *3-4 (5th Cir. 2003). By the express terms of the Jones Act, an employer-employee relationship is essential to recovery. *See* 46 U.S.C. § 30401.

Neither Chevron nor Transocean can be liable for Jones Act negligence for the simple reason that <u>neither was Plaintiff's Jones Act employer</u>. Rather, Plaintiff was employed by Oceaneering at all times relevant hereto. Exhibit A, ¶ 5; and Exhibit C, ¶¶ 19, 30. In fact, the only claims asserted by Plaintiff against Chevron and Transocean are based on negligence and gross negligence, and the Fifth Circuit has held that OCSLA's choice of law provision will govern the applicable law over such common law claims. Rec. Doc. 1-1, p. 3, ¶ 11; *AmClyde*, 448 F.3d at 770-772. Under these circumstances, remand is inappropriate for Plaintiff's claims against Chevron and Transocean regardless of the claims asserted against other parties. *See*

*Wells v. Abe's Boat Rentals Inc.*, No. 13-1112, 2013 WL 3110322, at *4 (S.D. Tex. June 18, 2013); *Landerman v. Tarpon Operating & Dev., L.L.C.*, 19 F. Supp. 3d 678, 685 (E.D. La. 2014); *Shultz v. Hercules Offshore, Inc.*, No. 14-188, 2014 WL 2041282, at *3 (E.D. Tex. May 15, 2014).

Because neither Chevron nor Transocean were Plaintiff's Jones Act employer at the time of the alleged incident, and because the alleged incident occurred while the Vessel was drilling on the OCS, Plaintiff's claims fall squarely under the jurisdiction of OCSLA under Fifth Circuit caselaw. *See AmClyde*, 448 F.3d at 768. As a result, the motion to remand should be denied.

**V.    All of Plaintiff's claims against Chevron and Transocean are removable.**

Assuming, *arguendo*, that Plaintiff is a seaman, which is denied, this does not prohibit removal. Plaintiff's motion is legally misguided by citing *Lockhart ex rel. Lockhart v. Applied Coating Servs., Inc.*, No. 05-1630, 2005 WL 1574208 (E.D. La. June 24, 2005) and *McInnis v. Parker Drilling Co.*, No. 01-2927, 2002 WL 461660 (E.D. La. Mar. 21, 2002) for the proposition that combined Jones Act and OCSLA claims cannot be removed. Those cases were based on a previous version of 28 U.S.C. § 1441(c) which required a removable claim to be "a separate and independent claim or cause of action." *See McInnis*, 2002 WL 461660 at *4. The current version of § 1441(c), however, omits the "separate and independent" language and permits the removal of "the entire action . . . if the action would be

removable without the inclusion of the" nonremovable claim. *See* 28 U.S.C. § 1441(c)(1)(B). *Compare Landerman*, 19 F. Supp. 3d at 684-85 (Vance, J.) *with Lockhart*, 2005 WL 1574208 at *4-5 (Vance, J.). After removal, "the district court shall sever [the nonremovable claims] and shall remand the severed claims to the State court from which the action was removed . . ." 28 U.S.C. § 1441(c)(2); s*ee also Wells v. Abe's Boat Rentals Inc.*, Cause No. H-13-1112, 2013 WL 3110322 at *4 (S.D. Tex. June 18, 2013) (J. Rosenthal) (severing and remanding claims against a plaintiff's employer, which were brought under the Jones Act, while the remaining claims against the platform owner and operator stayed in federal court).

In this action:

- OCSLA jurisdiction exists in this case, such that removal was proper;

- neither Chevron nor Transocean employed Plaintiff such that Plaintiff does not have a Jones Act claim against either of those defendants as a matter of law; and,

- all of Plaintiff's claims against Chevron and Transocean are removable.

Because Plaintiff's claims against Chevron and Transocean give rise to OCSLA jurisdiction, and because neither Chevron nor Transocean was Plaintiff's Jones Act employer at the time of the alleged incident, all of Plaintiff's claims against Chevron and Transocean are removable and should remain in this Court.

**Conclusion**

Plaintiff's motion to remand is based on faulty legal arguments of (1) a "situs" requirement for OCSLA jurisdiction; and, (2) that inclusion of an allegation that the plaintiff is a Jones Act seaman precludes removal of any other claims. With Fifth Circuit caselaw amply supporting that OCSLA jurisdiction exists in this case, when Plaintiff's alleged injuries would not have occurred but for the development of minerals on the OCS, and because neither Chevron nor Transocean can be liable for Jones Act negligence because neither were Plaintiff's Jones Act employer at the time of the alleged incident, the Court should deny Plaintiff's motion to remand.

Respectfully submitted,

LISKOW & LEWIS

*/s/ Michael A. Golemi (by permission JSM)*
Michael A. Golemi
Attorney in Charge
State Bar No. 24047536
Fed. ID No. 559843
1001 Fannin Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 651-2900
Facsimile: (713) 651-2908
E-mail: magolemi@liskow.com

**ATTORNEY FOR CHEVRON U.S.A. INC.**

**OF COUNSEL:**
LISKOW & LEWIS
Alma F. Shields
State Bar No. 24069800
Fed. ID No. 1087002
Jody M. Schisel-Meslin
State Bar No. 24110336
Fed. ID No. 3356221
1001 Fannin Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 651-2900
Facsimile: (713) 651-2908
E-mail: ashields@liskow.com
E-mail: jmschisel-meslin@liskow.com

Eastham, Watson, Dale & Forney, L.L.P.

*/s/ Christina K. Schovajsa  (by permission JSM)*
Robert L. Klawetter
State Bar No. 11554700
Klawetter@easthamlaw.com
Christina K. Schovajsa
State Bar No. 24002910
schovajsa@easthamlaw.com
The Niels Esperson Building
808 Travis Street, Suite 1300
Houston, Texas 77002
Telephone:  (713) 225-0905
Facsimile:  (713) 225-2907

**ATTORNEYS FOR TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 10, 2021, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system with notice being sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

*/s/  Jody M. Schisel-Meslin*
Jody M. Schisel-Meslin

5341571_1.docx