IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHANON ROY SANTEE | § |
| | § |
| VS. | § C.A. NO. 4:21-CV-03489 |
| | § |
| OCEANEERING INTERNATIONAL, | § |
| INC.; TRANSOCEAN OFFSHORE | § |
| DEEPWATER DRILLING INC.; and | § |
| CHEVRON U.S.A., INC. | § |

## DEFENDANTS CHEVRON U.S.A. INC. AND TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC.'S REQUEST FOR A STATUS CONFERENCE

Defendants Chevron U.S.A. Inc. ("Chevron") and Transocean Offshore Deepwater Drilling, Inc. ("Transocean") submit this request for a status conference in light of the United States Court of Appeals for the Fifth Circuit's appellate decision and its instructions to remand this case to state court. The purpose of the status conference would be to set a briefing schedule for this Court's consideration of the scope of the Fifth Circuit's remand order and whether the claims against Chevron and Transocean can be retained in federal court under 28 U.S.C. § 1441(c)(2).

1. The Fifth Circuit's opinion in this case orders this Court to "remand this matter back to state court" for lack of federal subject matter jurisdiction. Opinion at 11. The Court's mandate, consistent with that opinion, orders this Court to undertake

"further proceedings in accordance with the opinion of this Court." ECF Doc. No. 62 at 1.

2. On appeal, the Fifth Circuit did not address either Chevron or Transocean's arguments that even in the event of a remand, the claims against those entities should be retained in federal court. *See* ECF Doc. No. 63 (August 7, 2024 Opinion of the Fifth Circuit). As Chevron and Transocean argued, 28 U.S.C. §1441(c)(2) permits this Court to "sever from the action all claims" for which there is no federal jurisdiction and shall "remand the severed claims" to the State court from which the action was removed. Any removable claims may be kept in federal court. *See Hsieh v. Apache Deepwater, LLC*, No. 19-408, 2019 WL 9899512, at *4 (M.D. La. 2019).

3. Although those arguments were presented both in the appellate briefing and in Chevron's and Transocean's Petition for Panel Rehearing in the Fifth Circuit, the Court declined to rule on those issues in its opinion or on rehearing. Crucially, the Court of Appeals did not reject those arguments, nor did it expressly preclude this Court from considering severance in either its opinion or in its mandate.

4. This case involves at least some non-Jones Act claims. Although the Jones Act permits a seaman to sue his or her employer for injuries that occur in the course of the seaman's employment, 46 U.S.C. § 30104, neither Chevron nor Transocean were Santee's Jones Act employer at the time of Plaintiff's alleged injury.

More particularly, in order to prevail on a Jones Act negligence claim, a seaman must establish that his employer breached a duty owed to the seaman. *See Harrison v. Seariver Maritime*, 61 Fed. App'x 119, 2003 WL 342266, at *3-4 (5th Cir, 2003). By the express terms of the Jones Act, an employer-employee relationship is essential to recovery. *See* 46 U.S.C. § 30401.

5. Therefore, although this Court has an obligation to obey the "letter and spirit" of the Fifth Circuit's mandate, *U.S. v. Piniero*, 470 F.3d 200, 206 (5th Cir. 2006), it is well-established that the district court must make a "careful reading" of the reviewing court's opinion to decide "what issues were actually decided by the mandate." *U.S. v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004). "A mandate is controlling only as to matters within its compass." *In re Deepwater Horizon*, 928 F.3d 394, 398 (5th Cir. 2019).

6. Such a careful reading in this case strongly suggests that the Fifth Circuit left open the question whether to remand the claims against Chevron and Transocean. The Court should hold a status conference and potentially order briefing on this question before remanding the full case to state court and thus rendering all the work previously done in this Court potentially a nullity.

**PRAYER**

Defendants Chevron U.S.A. Inc. and Transocean Offshore Deepwater Drilling, Inc. respectfully request a status conference on retaining the claims against

3

those entities in federal court before the case is remanded to state court.

Respectfully submitted,

*/s/ Michael A. Golemi*
Michael A. Golemi
Attorney in Charge
State Bar No. 24047536
Fed. ID No. 559843
1001 Fannin Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 651-2900
Facsimile: (713) 651-2908
E-mail: magolemi@liskow.com

*Attorney for Defendant,*
*Chevron U.S.A. Inc.*

**OF COUNSEL:**
LISKOW & LEWIS
Alma F. Shields
State Bar No. 24069800
Fed. ID No. 1087002
1001 Fannin Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 651-2900
Facsimile: (713) 651-2908
E-mail: ashields@liskow.com

SBSB EASTHAM

*/s/ Christina K. Schovajsa*
Robert L. Klawetter
Federal I.D. 2471
State Bar No. 11554700
rklawetter@sbsb-eastham.com
Christina K. Schovajsa
Federal I.D. 25142
State Bar No. 24002910
cschovajsa@sbsb-eastham.com
Schouest, Bamdas, Soshea, BenMaier
   & Eastham PLLC
1001 McKinney Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 225-0905
Facsimile: (713) 574-2942

*Attorneys for Defendant,*
*Transocean Offshore Deepwater*
*Drilling, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 17, 2024, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system with notice being sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

*/s/ Christina K. Schovajsa*
Christina K. Schovajsa